| | | |
|---|---|---|
| **MICHAEL E. KEFAUVER, SR..** | : | **CIVIL ACTION NO. 1:10-CV-0270** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **SUPT. GERALD ROZUM,** | : | |
| | : | |
| **Respondent** | : | |

## MEMORANDUM

On February 5, 2010, petitioner Michael E. Kefauver, Sr. ("petitioner" or "Kefauver") filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, attacking his January 12, 2001, Pennsylvania convictions for Sexual Assault and Indecent Assault.  (Doc. 1.)  A timely response to the petition was filed.  (Doc. 19.)  Therein, respondent moved to dismiss the petition as untimely filed.  (Id. at 4.) Kefauver maintains that the petition is timely.  (Doc. 25.)  Following careful consideration of the parties' submissions, and for the reasons discussed below, the Court will grant respondent's motion to dismiss because the petition is not timely filed.  See 28 U.S.C. § 2244(d).

## I.    Background

On July 6, 1999, Kefauver was arrested in York County, Pennsylvania, and charged with rape, involuntary deviate sexual intercourse, sexual assault and indecent assault.  (Doc. 19-6, at 193.)  His first trial held in January 2000 was declared a mistrial due to a hung jury.  (Id.)  A second trial took place in March 2000, which also ended in a mistrial after the victim revealed to the jury that

Kefauver had been in jail. (Id.) His third jury trial took place in January 2001 and, on January 12, 2001, he was convicted of sexual assault and indecent assault in the York County Court of Common Pleas. (Doc. 19-6, at 71.) He was sentenced on March 5, 2001, to an aggregate sentence of 6-12 years incarceration. (Id.)

On March 20, 2001, Kefauver filed a direct appeal with the Pennsylvania Superior Court.[1] On September 5, 2002, the Superior Court of Pennsylvania affirmed the trial court. He did not seek review in the Supreme Court of Pennsylvania.

On December 13, 2002, Kefauver filed a timely petition for post conviction collateral relief pursuant to the Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-46. (Doc. 19-6, at 194.) An evidentiary hearing was held on July 25, 2003, and on January 5, 2005, the court concluded that trial counsel was ineffective for failing to call a defense witness and granted PCRA relief in the form of a new trial.[2] (Id.) The Commonwealth filed a timely appeal. On November 29, 2005, the superior court granted the appeal and reversed the PCRA court decision, remanding the matter for the reinstatement of petitioner's judgment of sentence. The superior court concluded that Kefauver had failed to demonstrate that the witness was available and willing to testify at trial. (Id. at 194-95.) On January 3,

---

[1] While the appeal was still pending, Kefauver filed a petition for post conviction collateral relief pursuant to 42 PA. CONS. STAT. §§ 9541-46. The PCRA petition was denied for lack of jurisdiction.

[2] An order vacating the judgment of sentence was entered on April 4, 2005. (Doc. 19-6, at 194.)

2006, Kefauver filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which was denied on May 15, 2006. An aggregate sentence of fifty-seven months to twelve years was imposed on June 12, 2006.[3]

On June 23, 2006, Kefauver filed a second PCRA petition which was rejected as untimely by order of August 4, 2006. (Doc. 19-6, at 196.) Kefauver filed a third PCRA petition on June 4, 2007. (Id.) On June 29, 2007, he was advised that his petition would be dismissed without further proceedings as not timely filed because "[u]nder 42 Pa.C.S.A. § 9542 *et seq*. and 42 Pa.C.S.A. § 9545(b)(1) and (2) his petition must have been filed by September 5, 2003." (Id. at 71-74.) The petition was summarily dismissed on July 18, 2007. (Id. at 197.) He sought, and was denied, reconsideration on August 16, 2007.

He filed a notice of appeal on August 20, 2007. (Id.) On August 24, 2007, the PCRA court entered an order declaring that the notice of appeal was untimely filed. On September 26, 2007, a notice of appeal of the August 24, 2007, order was filed. The appeals were consolidated and, on June 4, 2008, the superior court issued an opinion affirming the PCRA court's dismissal of the petition as untimely. Petitioner filed a petition for allowance of appeal to the supreme court, which was denied on December 2, 2008. (Doc. 19-6, at 251.)

---

[3]This sentence took into account credit for time served on an unrelated charge. (Doc. 19-6, at 195-96.)

The instant petition was filed on February 5, 2010. Petitioner also filed a petition pursuant to 28 U.S.C. § 2254 in November 2009, but elected to voluntarily withdraw it. <u>Kefauver v. Rosum</u>, Civil Action No. 1:09-CV-2158, Doc. 10.

## II.   <u>Discussion</u>

The court may "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). <u>See</u> 28 U.S.C. § 2244(d) (1). A state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . . .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); <u>see</u> <u>Jones v. Morton</u>, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does

4

not become final until appeals have been exhausted or the time for appeal has expired. See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001).

Kefauver was sentenced on March 5, 2001. His judgment became final on or about December 4, 2002, when his time to seek United States Supreme Court review of his direct appeal proceedings expired. The one-year period for the statute of limitations commenced running as of that date. Hence, the federal petition, which was filed on February 5, 2010, appears to be untimely. However, the Court must carefully consider the potential effect of statutory and equitable tolling.

### A. Statutory Tolling

Section 2244(d)(2) tolls the statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." Thus, the limitations period was tolled on December 13, 2002, nine days after it began running, when petitioner filed his first PCRA petition. The period remained tolled until May 15, 2006, when the Pennsylvania Supreme Court denied petitioner's petition for allowance of appeal. At that time he had the one year minus nine days in which to file his federal petition. The one-year period expired on May 6, 2007. His federal petition was filed on February 5, 2010, well after the expiration of the limitations period.

Significantly, neither the second or third PCRA operated to toll the statute of limitations because they were rejected by the state courts as untimely and, as such, are not a basis for statutory tolling. See Fahy v. Horn, 240 F.3d 239, 243 (3d Cir.

2001) (stating that an untimely PCRA petition does not toll the statute of limitations for a federal habeas corpus petition); <u>Merritt v. Blaine</u>, 326 F.3d 157, 165-66 & n. 6 (3d Cir. 2003) (finding that federal courts are bound by state court's determination that PCRA petition was untimely and thus not "properly filed").

Kefauver argues that the PCRA petitions were timely filed because the clock was "reset" when his sentence was re-imposed. (Doc. 25, at 3.) However, according to the state court, " '[A] successful first PCRA petition does not 'reset the clock' for the calculation of finality of judgment for purposes of the PCRA where the relief granted in the first petition neither restored a petitioner's direct appeal rights or disturbed his conviction but, rather, affected his sentence only.' <u>Commonwealth v. McKeever</u>, 2008 PA Super 77, ¶ 12 (filed April 21, 2008). <u>See also</u> <u>Commonwealth v. Dehart</u>, 730 A.2d 991 (Pa. Super. 1999), *appeal denied*, 560 Pa. 719, 745 A.2d 1218 (1999) (explaining defendant's second PCRA petition was untimely, even though defendant obtained some relief pursuant to first PCRA petition; relief granted pursuant to fist petition did not affect adjudication of guilt, but only affected sentence imposed.)" (Doc. 19-6, at 202-03.)

He also argues that if this petition were considered filed as of November 4, 2009, the date he originally filed the petition to Civil Action 09-2156, but then elected to voluntarily withdraw it, it would be considered timely. (Doc. 25, at 3.) This argument is without merit as it also relies on petitioner's mistaken belief that the re-imposed sentence reset the clock and his judgment did not become final until after the supreme court denied his petition for allowance of appeal of the dismissal

of his untimely PCRA petition.  (Doc. 25, at 3.)  As noted above, only the first PCRA was properly filed and had the effect of tolling the statute of limitations.

## B.    Equitable Tolling

"Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances.  See Satterfield v. Johnson, 434 F.3d 185, 195 (3d Cir. 2006); LaCava v. Kyler, 398 F.3d 271, 274-75 (3d Cir. 2005).  It is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied.  See Merritt v. Blaine, 326 F.3d 157, 168 (3d Cir. 2003).  Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

The burden of establishing entitlement to equitable tolling lies with the petitioner, who must show that he or she exercised reasonable diligence in investigating and bringing the claims.  See Robinson v. Johnson, 313 F.3d 128, 142 (3d Cir. 2002).  Mere excusable neglect is not sufficient.  See LaCava, 398 F.3d at 276.  All indications are that petitioner exercised reasonable diligence in investigation and bringing his claims.

Extraordinary circumstances have been found where (1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has

misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005). Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir. 2003) (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)).

Kefauver does not allege that he was misled by either the Commonwealth or state courts regarding his claim, or that he timely asserted his rights mistakenly in the wrong forum. He is arguing that he was prevented in some extraordinary way from asserting his rights. Specifically, he alleges that the "delay of over seventeen (17) months in disposing of his original PCRA Petition by the PCRA Court constitutes government interference under 42 Pa. C.S.A. section 9545(b)(1)(I) that justifies the filing and assertion of this claim beyond the one year statute of limitations." (Doc. 25, at 19, citations omitted). He contends that there is no recourse for PCRA counsel's failure to call a witness "because there is no possible way logistically, procedurally for petitioner to have raised a subsequent PCRA Petition within a year between such a time delay of over (34-months) of the December 9th 2002 PCRA Petition to the November 29th 2005 Opinion of the Pennsylvania Superior Court, Reversing Opinion and Order of Court of Common Pleas January 5th 2005 Granting the PCRA Motion and Remanding Case for New

8

Trial.  U.S.C.A. Const. Amend. (6), Pa. Const, Art. (1) and (9).  (<u>Com v. Lark</u>, 560 Pa.

487, 746 2d 585 (2000)(When PCRA appeal is pending, subsequent PCRA petition

cannot be filed until resolution of review of pending PCRA petition by highest state

court in which review is sought, or at expiration of time for seeking such review)."

(<u>Id.</u> at 20.)  This is an argument that addresses the timeliness of the PCRA petition

and should have been raised in the state court appeal of the PCRA court's dismissal

of his second PCRA petition as untimely.  However, petitioner did not invoke the

governmental interference exception on appeal.  He simply argued that his new

conviction reset the clock for the calculation of finality of judgment for purposes of

the PCRA, an argument that was rejected by the state court.  (Doc. 19-6, at 202.)

This Court is bound by the state court's determination that petitioner's second

PCRA petition was untimely and thus not "properly filed."  <u>Merritt v. Blaine</u>, 326

F.3d 157, 165-66 & n. 6 (3d Cir. 2003).

 Based on the foregoing, equitable tolling of the AEDPA statute of limitations

is not warranted in this case.

**III.** **<u>Conclusion</u>**

 For the reasons set forth above, the petition for writ of habeas corpus will be

dismissed as untimely.

**IV.** **<u>Certificate of appealability</u>**

 Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a

certificate of appealability ("COA"), an appeal may not be taken from a final order

in a proceeding under 28 U.S.C. § 2254.  A COA may issue only if the applicant has

made a substantial showing of the denial of a constitutional right.  28 U.S.C. §

2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of

reason could disagree with the district court's resolution of his constitutional claims

or that jurists could conclude the issues presented are adequate to deserve

encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322 (2003).

"When the district court denies a habeas petition on procedural grounds without

reaching the prisoner's underlying constitutional claim, a COA should issue when

the prisoner shows, at least, that jurists of reason would find it debatable whether

the petition states a valid claim of the denial of a constitutional right and that jurists

of reason would find it debatable whether the district court was correct in its

procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  Here, jurists of

reason would not find the procedural disposition of this case debatable.

Accordingly, no COA will issue.

        An appropriate order follows.




         S/ Christopher C. Conner
        CHRISTOPHER C. CONNER
        United States District Judge


Dated:       August 30, 2010

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **MICHAEL E. KEFAUVER, SR..** | : | **CIVIL ACTION NO. 1:10-CV-0270** |
| | : | |
| **Petitioner** | : | **(Judge Conner)** |
| | : | |
| **v.** | : | |
| | : | |
| | : | |
| **SUPT. GERALD ROZUM,** | : | |
| | : | |
| **Respondent** | : | |

# ORDER

AND NOW, this 30th day of August, 2010, upon consideration the petition for

writ of habeas corpus, and in accordance with the foregoing memorandum, it is

hereby ORDERED that:

1.  Respondents' motion to dismiss the petition as untimely
    (Doc. 19) is GRANTED.  The petition for writ of habeas corpus
    (Doc. 1) pursuant to 28 U.S.C. § 2254 is DISMISSED as time-
    barred by the statute of limitations.  See 28 U.S.C. § 2244(d).

2.  There is no basis for the issuance of a certificate of appealability.
    28 U.S.C. § 2253(c).

3.  The Clerk of Court is directed to CLOSE this case.

  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge